UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE JANZ CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILIPS NORTH AMERICA LLC d/b/a ) <br> PHILIPS HEALTHCARE, a subsidiary of ) <br> KONINKLIJKE PHILIPS N.V., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 23-11025-FDS |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION OR RECONSIDERATION

**SAYLOR, J.**

Plaintiff Janz Corporation brought this action seeking monetary relief against defendant Philips North America LLC for wrongful termination of a reseller agreement. Defendant moved for partial summary judgment, which the Court granted in part and denied in part. Defendant has filed a motion for clarification or reconsideration of two issues: (1) whether defendant's conduct qualifies as a violation of Mass. Gen. Laws ch. 93A and (2) the sufficiency of evidence for plaintiff's alleged damages for reputational harm and lost business opportunities.

For the reasons that follow, the motion will be denied.

**I.    Background**

The factual background of the case is set out fully in the Court's August 8, 2025, Memorandum and Order on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Spoliation Sanctions.

On September 5, 2025, defendant moved for limited reconsideration of that memorandum and order, contending that the Court erred in concluding that plaintiff's Chapter 93A claim could not be dismissed as a matter of law and permitting plaintiff to go forward with damages claims for lost business opportunities and reputational harm.

**II.     Standard of Review**

Motions for reconsideration are extraordinary remedies that should be granted sparingly. *Villanueva-Mendez v. Nieves-Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005); 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2025) ("[B]ecause of the narrow purposes for which they are intended, . . . motions [for reconsideration] typically are denied."). When faced with such motions, a court "must balance the need for finality against its duty to render just decisions." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

In order to accommodate these competing interests, motions for reconsideration should be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008). A motion for reconsideration is not a vehicle for a party to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *see also Davis*, 89 F. Supp. 2d at 147; *Villanueva-Mendez*, 360 F. Supp. 2d at 324. Nor is it a forum to highlight a point of disagreement between a litigant and the court or to vent dissatisfaction with the court's reasoning or decision. *Davis*, 89 F. Supp. 2d at 149; *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994).

**III.    Analysis**

Defendant asks the Court to reconsider two issues: defendant's alleged violation of Mass. Gen. Laws ch. 93A and plaintiff's alleged damages for reputational harm and lost business opportunities resulting from that violation. The Court sees no reason to revisit the first matter. Defendant's motion largely seeks to relitigate the facts and dispute the Court's finding that "if . . . retributory conduct could constitute a breach of the implied covenant of good faith and fair dealing, a corresponding Chapter 93A claim cannot be dismissed as a matter of law." (Mem. and Order 14-15, Dkt. No. 127). The Court will, however, address the second matter.

At summary judgment, defendant contended that plaintiff could not recover damages for reputational harm or lost business opportunities because (among other reasons) it had failed to present sufficient evidence. (Def.'s Mem. Supp. Mot. Partial Summ. J. 19-20, Dkt. No. 108). The Court did not address that argument about the sufficiency of the evidence in its August 8 Memorandum and Order, and will do so now. To be clear, the immediate question before the Court is whether Janz has presented sufficient evidence of damages for reputational harm and lost business opportunities to create an issue for trial. The Court does not address what conduct may constitute a violation of Chapter 93A nor what other damages, such as lost profits, might be recoverable.

The August 8 Memorandum and Order lays out the standard of review for summary judgment. Of particular note, "when a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation modified). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence" that "there is a genuine issue for trial." *Id.* at 256-57.

Chapter 93A permits recovery for "loss of money or property . . . as a result of the use or employment by another person . . . of an unfair method of competition or an unfair or deceptive act or practice."  Mass. Gen. Laws ch. 93A, § 11.  Consequential damages—that is, "all losses which were the foreseeable consequences of the defendant's unfair or deceptive act or practice"—are generally recoverable, unless they are "remote, speculative, hypothetical, and not within the realm of reasonable certainty."  *H1 Lincoln, Inc. v. South Washington St., LLC*, 489 Mass. 1, 22 (2022) (citation modified).  To recover under Chapter 93A, there must be a causal connection between the wrongful conduct and the alleged damages.  *See Auto Flat Car Crushers, Inc. v. Hanover Ins. Co.*, 469 Mass. 813, 820 (2014) (explaining that one element of a Chapter 93A claim is "a causal connection between the loss suffered and the defendant's unfair or deceptive method, act, or practice").

In support of its claim for reputational and lost-business opportunity damages, Janz cites to the deposition testimony of Brian Healey, the President of Janz during the relevant period.  (Pl.'s Mem. Opp'n Mot. Partial Summ. J. 20, Dkt. No. 117 (citing Resp. Statement Material Facts ["RSOF"] ¶¶ 131-41, Dkt. No. 118); Pl.'s Mem. Opp'n Mot. Recons. 19, Dkt. No. 133 (citing RSOF ¶¶ 134-41)).  Healey testified that after Philips terminated the 2018 reseller agreement, several companies gave Janz the "cold shoulder" because "they were speculating on why [Janz] lost [Philips]."  (Healey Tr. 92:8-20, Dkt. No. 119-3).  According to Healey, the companies were unwilling to do business with a former Philips distributor.  (*See, e.g.*, *id.* 101:10-12).  That testimony tends to support a finding that the end of the reseller agreement harmed the reputation of Janz and caused it to lose business opportunities with other companies.

Philips nevertheless contends that Janz has not raised a genuine issue of material fact as to causation.  It is undisputed that the 2018 reseller agreement was set to expire on March 4,

4

2019, and, "by its own terms," it would have done so "[b]ut for" the allegedly wrongful termination eight days early. (RSOF ¶ 77). Philips alleges that "[Janz] is unaware of anyone outside of [Philips] and [Janz] who knew that [Philips] terminated the Reseller Agreement before its original end date." (Statement Material Facts ["SOF"] ¶ 89, Dkt. No. 109). Because a Chapter 93A claim requires evidence of causation, Janz must establish that any alleged damages would not have occurred but for the retaliatory termination. Philips contends Janz cannot do so when there is no evidence that any other party was aware that the agreement was terminated early.

Janz disputes the contention that no other party was aware of the early termination, citing to the Healey testimony. (RSOF ¶ 89). On January 24, 2019, Philips sent Janz a letter providing notice that it was terminating the reseller agreement effective February 24, 2019, eight days before the expiration of the 2018 reseller agreement on March 4, 2019. (SOF ¶ 76). The timeline of the events described in Healey's testimony is ambiguous. For example, Healey testified that "when [Janz] was terminated" he sent an email to a vendor "telling her that we are no longer doing business with Philips." (Healey Tr. 94:22-23). It is unclear whether the communication was after the January 24 notice of termination, the February 24 early termination, or the March 4 expiration of the agreement.

In any event, it does not appear that Janz's damages must necessarily be limited to those arising out of the early termination of the contract, as opposed to the abruptness of the contract termination or the fact of the termination of the relationship itself. *See Primarque Products Co. v. Williams West & Witts Products Co.*, 988 F.3d 26, 46 (1st Cir. 2021) (stating that "Massachusetts law is clear that an unreasonably abrupt termination of a distribution contract can

constitute an 'unfair' act under Chapter 93A"). And the Court must assume, for present purposes, that the termination of the relationship was for improper and unfair retaliatory reasons.

In short, and while the evidence is certainly thin, Janz has put forward some evidence of reputational harm and lost business opportunities arising out of the alleged retaliatory conduct of Philips. On this record, there is a genuine dispute whether any of those damages were caused by Philips's allegedly wrongful conduct. That is sufficient to survive summary judgment.

### IV.    Conclusion

For the foregoing reasons, defendant's motion for reconsideration is DENIED.

**So Ordered.**

Dated: November 10, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge